UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KYRAN HAWTHORNE,                )
                                )
            Petitioner,         )
                                )
        v.                      )        CAUSE  NO. 3:16CV650-PPS
                                )
SUPERINTENDENT,                 )
                                )
            Respondent.         )

OPINION AND ORDER

Kyran Hawthorne, a prisoner without a lawyer, filed a habeas corpus petition

challenging a disciplinary hearing (ISP 16-06-126) where a Disciplinary Hearing Officer

(DHO) found him guilty of destruction of property in violation of Indiana Department of

Correction (IDOC) Policy B-215. ECF 1 at 1. As a result, he was sanctioned with the loss

of 90 days earned credit time. Hawthorne identifies two grounds which he believes

entitles him to habeas corpus relief.

The IDOC defines offense B-215 as the "[u]nauthorized possession, destruction,

alteration, damage to, or theft of State property or property belonging to another."

Indiana Department of Correction, Adult Disciplinary Process: Appendix I.

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Hawthorne as follows:

> On 6-12-16, I officer McDonald heard a loud banging noise coming from
> the front of the recreational pad, after walking from the back of the
> recreational pad. I officer McDonald witnessed Hawthorne in cage 8 with

inmate Pedroza. Hawthorne's original cage assigned to him was 6. To get to cage 8 the wire screen was torn open from the bottom. After I, officer McDonald found Hawthorne in the cage with Pedroza, he crawled back through the wire screens to go back to his assigned cage, which was 6. Hawthorne insist that the wire screens were already cut, but I Ofc. McDonald checked all cages after each recreational line.

ECF 8-1.

At the time he was screened for this offense, Hawthorne had the opportunity to identify witnesses or evidence he wished to present in his defense. ECF 8-2. Hawthorne requested two inmate witnesses, inmates Walton and Pierson, who he claimed would provide evidence that the screen was torn before Hawthorne's arrival in the area. In the section where he had an opportunity to request physical evidence, Hawthorne check-marked the box that stated, "I do not request any physical evidence." ECF 8-2. The DHO reviewed statements from Hawthorne's requested witnesses, as well as a statement from inmate Pedroza. ECF 8-3; 8-4; 8-7 at 1.

In Ground One, Hawthorne ambiguously claims that he asked for "all evidence" but did not have the opportunity to review all of the evidence. ECF 1 at 2. Hawthorne does not identify what evidence he believes he was denied. Hawthorne also does not specify when he made the request for "all evidence," or to whom he made the request. All of the evidence Hawthorne requested prior to his disciplinary hearing was collected and considered by the DHO.

To the extent that Hawthorne refers to his request for a statement from Officer McDonald, that request was made during his disciplinary hearing, and was therefore

untimely. *See* ECF 8-7 at 1; *Miller v. Duckworth*, 963 F.2d 1002, 1005 fn. 2 (7th Cir. 1992) (prisoners "certainly cannot wait until the day of the hearing" to make a witness request); *Portee v. Vannatta*, 105 F. App'x 855, 857 (7th Cir. 2004) ("Although inmates have a constitutional right to call witnesses at disciplinary hearings…this right is limited and requests that inmates make the day of the hearing are not timely"). Hawthorne had the ability to request a statement from Officer McDonald at the time of his screening, or at any time between his screening and his hearing. That he did not do so, and his belated request was denied, does not mean he is now entitled to habeas corpus relief. Moreover, Hawthorne suffered no harm as a result of the DHO's denial of his request because he already had a statement from Officer McDonald, in the form of the Conduct Report. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (where a prisoner is denied the opportunity to present relevant evidence, the prisoner must establish that the denial of the evidence resulted in actual prejudice, rather than harmless error). Thus, Ground One does not identify a basis for habeas corpus relief.

In Ground Two, Hawthorne claims that the DHO did not properly consider his witness statements. His argument amounts to a claim that the DHO should have weighed the evidence in his favor. While Hawthorne had a due process right for the DHO to consider his evidence, he had no right for the DHO to be persuaded by his evidence. It was the exclusive province of the DHO to weigh the evidence, the credibility of the parties, and resolve the factual dispute. I will not re-weigh the evidence or

question the DHO's credibility determinations. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Thus, Ground Two does not identify a basis for granted habeas corpus relief.

ACCORDINGLY:

The habeas corpus petition (ECF 1) is **DENIED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

ENTERED: October 2, 2017.       __/s/ Philip P. Simon_____
                                                   Judge
                                                   United States District Court